# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2093 | **DATE** | May 31, 2012 |
| **CASE TITLE** | Wilson vs. Northwestern Memorial Hospital et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [11]) to remand is denied. Status hearing set for 6/13/2012 at 9:30 a.m. to stand.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## ORDER

This matter comes before the Court on Plaintiff Vivian Wilson's ("Wilson") motion to remand her suit to Illinois state court. For the reasons stated herein, Wilson's motion is denied.

On September 2, 2011, Wilson filed a *pro se* complaint against Defendant Northwestern Memorial Hospital ("Northwestern") in the Circuit Court of Cook County, Illinois. Wilson's complaint alleged sexual harassment and retaliation but did not identify a statutory basis for her allegations. Northwestern interpreted the complaint to allege violations of the Illinois Human Rights Act ("IHRA"), and on October 24, 2011, Northwestern filed a motion to dismiss based on Wilson's failure to exhaust her administrative remedies under the IHRA.

Rather than respond to Northwestern's motion to dismiss, Wilson retained counsel and filed an amended complaint that explicitly alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). Thirty days thereafter, Northwestern removed the case to this Court on the basis of federal question jurisdiction. Wilson now seeks to remand her case to state court, asserting that Northwestern's removal was untimely.

A defendant has thirty days after being served with a complaint to remove a case to federal court. 28 U.S.C. § 1446(b)(1). If the initial complaint is not removable but is subsequently amended to invoke federal jurisdiction, a defendant may remove the case within thirty days of receiving notice of the amended complaint. 28 U.S.C. § 1446(b)(3). The parties agree that Northwestern removed Wilson's amended complaint within thirty days of its filing. However, Wilson maintains that the time for removal began tolling from the date that Northwestern was served with the initial complaint because the initial complaint implicitly alleged a Title VII claim.

**ORDER**

Whether a complaint pleads a federal cause of action is to be decided pursuant to the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Although charges of retaliation and sexual harassment may be brought under Title VII, they may also be brought under the IHRA. Wilson chose to file her complaint in state court. A plaintiff, as "master of the complaint," may choose to have her claim heard in state court "by eschewing claims based on federal law." *Hart v. Wal-Mart Stores, Inc. Assocs.' Health and Welfare Plan*, 360 F.3d 674, 678 (7th Cir. 2004) (citing *Caterpillar*, 482 U.S. at 399). Given the availability of remedies at both federal and state law, Northwestern was not required to anticipate that Wilson intended to proceed under federal law. Wilson's complaint, which did not allege any statutory basis for her allegations, was insufficient to put Northwestern on notice of her intent to pursue a federal claim.

Wilson nevertheless maintains that Northwestern should have known that she intended to pursue her claims under Title VII because she had not exhausted her administrative remedies under the IHRA, and her IHRA claim would therefore necessarily fail. This argument is unavailing. A court applying the well-pleaded complaint rule need look no further than the allegations contained in the complaint. *Application of Cnt. Collector of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir. 1996). As discussed above, Wilson's original complaint failed to put Northwestern on notice that she intended to pursue a federal claim. Moreover, a defendant with a viable affirmative defense to a claim is not required to suggest an alternative theory of liability so that a plaintiff may succeed in her suit.

Northwestern filed a notice of removal thirty days after Wilson amended her complaint to allege a violation of Title VII. As Wilson's amended complaint was the first instance in which she invoked federal jurisdiction, Northwestern's removal complied with the timing requirements of 28 U.S.C. § 1446(b)(3). Accordingly, Wilson's motion to remand is denied.

Date: **May 31, 2012**

*[signature: Charles P. Kocoras]*

**CHARLES P. KOCORAS**
**U.S. District Judge**